IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JESUS R. BRISENO,**

       **Plaintiff,**

v.                                     No. CIV 97-0341 JC/JHG

**KENNETH S. APFEL,**
**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
### NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

### PROPOSED FINDINGS

1.        Plaintiff (Briseno) invokes this Court's jurisdiction under **42 U.S.C. §405(g)**, seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner). The Commissioner determined Briseno is not eligible for disability insurance benefits or supplemental security income. Briseno moves this Court for an order remanding this matter to the Commissioner for a rehearing. This Court reviews the Commissioner's decision to determine whether his findings

are supported by substantial evidence and whether he applied correct legal standards in making his decision. *Washington v. Shalala,* **37 F.3d 1347, 1349 (10th Cir. 1994)**.

**Administrative History**

2.       Briseno's applications for disability insurance benefits and supplemental security income were denied at the administrative level both initially and on reconsideration. Briseno requested and received *de novo* review before an administrative law judge (ALJ). The ALJ held a hearing on December 12, 1995, at which Briseno and his attorney appeared. On February 12, 1996, the ALJ found that Briseno was not disabled within the meaning of the Social Security Act . On February 13, 1997, the Appeals Council denied Briseno's request for review of the ALJ's decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes.

**Statement of Facts**

3.       Briseno filed his applications for disability insurance benefits and supplemental security income on November 21, 1994, alleging disability since November 14, 1994, due to a back injury, pain in his legs, and headaches. Tr. 11. He was 41 years old on the date of the ALJ's decision. *Id*. He had a high school education, some vocational training, and past relevant work as a residential counselor and a purchasing agent. Tr. 13.

**The Decision of the Commissioner**

4.       The ALJ determined that Briseno had not engaged in substantial gainful activity since his alleged onset date. Tr. 11. At step two, the ALJ found Briseno had the severe impairment or combination of impairments of fusion from L4 to S1 and non-severe diabetes and mental problems. Tr. 11-12. At step three, the ALJ found these impairments, singly or in combination, did not meet the listings. Tr. 12. The ALJ found Briseno's testimony of subjective complaints and functional limitations

was not supported by the evidence as a whole in the disabling degree alleged and therefore lacked credibility. Tr. 12-13. At step four, the ALJ determined Briseno retained the residual functional capacity for at least light work and could perform his past relevant work as a residential counselor or purchasing agent. Tr. 13. The ALJ thus concluded Briseno was not disabled within the meaning of the Social Security Act. Tr. 13-14.

**Discussion**

5.      The function of this Court on review is not to try the plaintiff's claim *de novo*, but to determine upon the whole record whether the Commissioner's decision is supported by substantial evidence and whether he applied correct legal standards. ***Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992)**. The district court should not blindly affirm the Commissioner's decision, but must instead scrutinize the entire record to determine if the decision is supported by substantial evidence and if the law was correctly applied. ***Hogan v. Schweiker,* 532 F.Supp. 639, 642 (D. Colo. 1982)**.

6.      Substantial evidence is more than a mere scintilla. ***Richardson v. Perales,* 402 U.S. 389, 401 (1971)**. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. ***Andrade v. Secretary of Health and Human Services*, 985 F.2d 1045, 1047 (10th Cir. 1993)**. Failure to apply correct legal standards also constitutes grounds for reversal. *Id.*

7.      The Social Security Administration has promulgated regulations which establish a "sequential evaluation process" to determine whether a claimant is disabled. **20 C.F.R. §§ 404.1520 and 416.920 (1994)**. At the first three levels of the sequential evaluation process, the claimant must show he is not engaged in substantial gainful employment, he has an impairment or combination of impairments severe enough to limit his ability to do basic work activities, and his impairment meets

or equals one of the presumptively disabling impairments listed in the regulations under **20 C.F.R. Part 404, Subpt. P, App. 1 (1994)**.

8. If the plaintiff cannot show that he has met or equaled a listing, he must show at step four that he is unable to perform work he had done in the past. **20 C.F.R. §§ 404.1520 and 416.920 (1994)**. At the fifth step of the evaluation, the burden of proof shifts to the Commissioner to show the claimant is able to perform other substantial gainful activity considering his residual functional capacity, age, education, and prior work experience. *Id.* If a determination of disability is made at any step, further inquiry is not required. *Id.*

9. Briseno argues the ALJ's findings that his diabetes is controlled and is not a severe impairment are not supported by substantial evidence; the ALJ's finding that his mental impairment is not severe is not supported by substantial evidence and is contrary to law; the ALJ's finding he can perform light work is not supported by substantial evidence; and the ALJ's finding he could perform his past relevant work is not supported by substantial evidence and is contrary to law.

10. First, Briseno contends the ALJ's findings that his diabetes is controlled and is not a severe impairment is not supported by substantial evidence. To meet his burden at step two, Briseno must show that he suffers from an "impairment or combination of impairments which significantly limits his physical or mental ability to do basic work activities," **20 C.F.R. §§ 404.1520(c), 416.920(c) (1994);** *see also Bowen v. Yuckert*, **482 U.S. 137, 146 & n. 5 (1987)**. Basic work activities are "the abilities and aptitudes necessary to do most jobs." **20 C.F.R. §§ 404.1521(b), 416.921(b) (1994)**. Examples of basic work activities include "walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;" "seeing, hearing, and speaking;" "understanding, carrying out, and remembering simple instructions;" "use of judgment;" "responding appropriately

4

to supervision, co-workers and usual work situations;" and "dealing with changes in a routine work setting." **See id. §§ 404.1521(b), 416.921(b) (1994)**.

11. Although step two requires only a *de minimis* proof of impairment, the plaintiff "must show more than the mere presence of a condition or ailment." ***Hinkle v. Apfel*, No. 97-6099, 1997 WL 787158, at \*2 (10th Cir. Dec. 24, 1997)**. Presumptively, if the medical severity of a claimant's impairments is so slight that the impairments could not interfere with or have a serious impact on the claimant's ability to do basic work activities, irrespective of vocational factors, the impairments do not prevent the claimant from engaging in substantial gainful activity. ***Williams v. Bowen*, 844 F.2d 748, 751 (10th Cir.1988).** At step two, the ALJ looks at the claimant's impairment or combination of impairments only and determines the impact the impairment would have on his ability to work. ***Hinkle*, 1997 WL 787158, at \*2**.

12. In this case, the ALJ found Briseno does not have severe diabetes and his diabetes is adequately controlled. Tr. 11. The record does not indicate any treatment for diabetes until December, 1995. Tr. 105-107. On December 18, 1995, a treating physician noted his diabetes was in adequate control. Tr. 107. Even though the standard at step two is *de minimis*, the record must contain medical findings consistent with the claimed impairments. ***Williams*, 844 F.2d at 750**. In this case, the medical record contains no evidence of work or activity restrictions related to diabetes. Therefore, the ALJ's findings that Briseno's diabetes is adequately controlled and is not a severe impairment is supported by substantial evidence and the ALJ applied correct legal standards.

13. Briseno next claims the ALJ erred at step two by finding his mental impairment was not severe. The ALJ incorporated detailed findings and conclusions regarding Briseno's mental condition in his decision and concluded he did not have a severe mental impairment at step two. Tr.

12. Plaintiff argues these findings are not supported by substantial evidence and the ALJ did not apply correct legal standards.

14. The record contains the following medical evidence regarding Briseno's mental condition. Dr. Enfield, Ph.D., performed a psychological evaluation of Briseno at his attorney's request. Tr. 89. Dr. Enfield found Briseno meets criteria for an undifferentiated somatoform disorder and a histrionic personality disorder with dependent features. Tr. 95. However, Dr. Enfield also found Briseno had adequate concentration, no evidence of psychosis and that his mood was neither depressed, nor elated. Tr. 94-95. Dr. Enfield also noted Briseno functioned in the average range of intelligence, was alert and oriented, and had characteristics consistent with a degree of exaggeration of symptoms. Tr. 93-95. Dr. Enfield also found while Briseno did not appear to be malingering, this would have to be ruled out in conjunction with the medical evidence. Tr. 12. The ALJ gave more credence to Dr. Enfield's narrative report than his assessment of ability to do work related activities. This finding is supported by substantial evidence and the ALJ applied correct legal standards with respect to this determination.

15. Dr. Davis, M.D., in assessing Briseno's physical condition in a consultative examination, noted that Briseno "seem[ed] depressed." Tr. 79. In addition, Briseno stated at the hearing that Dr. Rocca, a physician who treated his back injury, had prescribed an antidepressant drug. Tr. 139-140 However, Briseno was not told the purpose of the drug and had not received any psychological treatment. Tr. 137; 139-140.

16. Even though the standard at step two is *de minimis*, the record must contain medical findings consistent with the claimed impairments. **Williams, 844 F.2d at 750**. In this case, the medical record contains no evidence of treatment by any mental health practitioner and no concrete evidence

of work or activity restrictions. The evidence tending to indicate the existence of a psychological condition is equivocal at best. Equivocal evidence does not establish plaintiff's burden. ***Nguyen v. Shalala*, 43 F.3d 1400, 1403-02 (10th Cir. 1994).** The ALJ has the authority to resolve conflicts in the evidence. ***Casias v. Secretary of Health and Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).** The mere fact Briseno suffered from a mental problem does not automatically establish this problem was disabling. ***Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988).** A review of the record and the decision of the ALJ establishes he properly considered all the evidence regarding Briseno's mental condition and substantial evidence of record supports his findings at step two.

17. Briseno contends the ALJ's finding he can perform light work is not supported by substantial evidence. The ALJ found Briseno's pain complaints would not prevent him from performing at least light work on a sustained basis. Tr. 12-13. In evaluating a claim of disabling pain, the appropriate analysis considers (1) whether there is objective medical evidence of a pain producing impairment, (2) whether there is a loose nexus between this objective evidence and the pain and (3) whether, in light of all the evidence, both objective and subjective, the pain is in fact disabling. ***Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994) (citing *Luna v. Bowen*, 834 F.2d 161, 163 (10th Cir. 1987))**.

18. In this case, the ALJ considered all the ***Luna*** factors in his analysis. Tr. 12-13. He discussed the objective medical evidence, including *inter alia* the reports of Drs. Enfield and Davis. *Id.* The ALJ then analyzed whether there was a loose nexus between the evidence and Briseno's complaints by considering such factors as his use of a TNS unit, over-the-

counter medication, and his failure to seek medical assistance for back pain. Tr. 13. The ALJ noted Briseno complained of total body pain, including hand cramps which he claims precluded him from writing yet his hobby was silver smithing. Tr. 12. The ALJ also noted Briseno testified he could only sleep one and a half hours a night, could only sit for an hour, and had difficulty walking, yet he told Dr. Enfield he slept well and the doctor noted he moved briskly, stood, walked and sat in his office with "no unusual features."*Id.* The ALJ then found, in light of all the evidence, that the pain was not disabling. A review of the record and the decision establishes the ALJ properly considered all the evidence regarding Briseno's pain and substantial evidence of record supports his findings.

19.  Finally Briseno argues the ALJ's finding he could perform his past relevant work is not supported by substantial evidence and is contrary to law. The ALJ properly ascertained the physical demands of his past work before he found he was able to return to his past relevant work as a residential counselor or a purchasing agent. A claimant is not disabled if he is able to perform the kind of work he performed in the past as actually performed by him or as the job is generally described in the economy. ***Andrade v. Secretary of Health and Human Services,* 985 F.2d at 1050.** The ALJ properly analyzed Briseno's residual functional capacity and his past relevant work. In sum, the ALJ applied correct legal standards and substantial evidence supports his decision.

## RECOMMENDED DISPOSITION

The ALJ applied correct legal standards and substantial evidence supports the decision. The

motion to reverse or remand administrative agency decision should be denied and this case should be dismissed.

JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE